**LAW OFFICE OF MICHAEL I. INZELBUCH, ESQ.**
Sovereign Bank Building
555 Madison Avenue, Suite B
Lakewood, New Jersey 08701
Tel. 732-905-0325
Fax. 732-886-0806
E-Mail: Michael@Inzelbuchlaw.com & Sandra@Inzelbuchlaw.com
Attorney for Petitioners
(MII-5635)

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**
**VICINAGE OF TRENTON**

| | |
|---|---|
| **B.C. & J.C. o/b/o S.C.** | : |
| **Petitioners-Appellants,** | : |
| | : **DOCKET NO.:** |
| vs. | : |
| **WALL TOWNSHIP BOARD OF EDUCATION,** | : |
| | **VERIFIED COMPLAINT** |
| **Respondents** | **SEEKING INTERLOCUTORY APPEAL** |

Plaintiffs, B.C. & J.C. o/b/o S.C., by way of Verified Complaint seeking Interlocutory Appeal states the following:

**JURISDICTION**

This Court has jurisdiction to hear and determine this action pursuant to 2 U.S.C. §1331 as it involves a question of federal law. Specifically, jurisdiction s conferred over Plaintiff's Interlocutory Appeal from the DECISION and ORDER of an Administrative Law Judge pursuant to the Individuals with

1

Disabilities Education Improvement Act ("IDEIA")of 2004, 20 U.S.C. §1400 et seq.

## VENUE

Venue is conferred upon this Court pursuant to 28 U.S.C. 1391 (a) and (b), as all parties hereto reside within this Judicial District, and all facts and circumstances giving rise to the claim occurred within the jurisdictional boundaries of this District.

## PARTIES

1. Plaintiffs, B.C. & J.C. o/b/o S.C. reside together in Wall Township, Monmouth County, New Jersey. B.C. and J.C. are the parents and natural guardians of S.C., a minor 17-year-old child, whose date of birth is December 12, 1995, and who is enrolled in the public schools of the Wall Township School District.

2. Defendant, the Wall Township Board Education (hereinafter referred to as "Defendant" and/or "Board" and/or "School District"), is a municipal body which operates a public school system within the State of New Jersey, Monmouth County, which receives federal funds in connection with its obligations to educate students with disabilities pursuant to 20 U.S.C. §1400 et seq.

3. S.C. is currently classified as Multiply Disabled ("MD") due to ADHD, Sensory Integration Disorder, Executive Processing Disorder, Depressive Disorder, Depressive Disorder, Post Traumatic Stress Disorder and a Learning Disability.

4. During the 2012-2013 school year S.C. was unable to attend the district proffered program/placement, to wit, Point Pleasant Borough High School for the entire 2012-2013 school year and was placed on home instruction by the Point Pleasant Borough High School district.

5. Due to significant and emergent social/emotional needs, S.C. was placed at the Menniger Clinic in September 2013 and thereafter at the Redcliff Ascent program, Utah, since October 2013.

6. The Point Pleasant Borough High School did not allow S.C. to return to its school for the 2013-2014 school year.

7. Other than an offer of general education services via computer ("Educere"), the Wall Township School District has **failed** to offer S.C. a free appropriate public education ("FAPE") to S.C.

8. On November 13, 2013 the parties appeared in front of The Honorable Edward Delanoy, ALJ, with a DECISION Denying

Emergent Relief being issued on November 14, 2013. (**EXHIBIT "A"** attached hereto)

9. A Copy of the November 13, 2013 "TRANSCRIPT OF RECORDED PROCEEDINGS" is attached hereto as **EXHIBIT "B"**.

10. Said DECISION acknowledges that S.C. is Multiply Disabled ("MD"), in part, because of Post-Traumatic Stress Disorder (due to S.C. being bullied at Wall Township Schools), that S.C. was placed on home instruction by Point Pleasant Borough School District during the 2012-2013 school year, that S.C. was not welcome to return to the Point Pleasant Borough High School, that S.C. "did not attend school in May and June 2013 (eleventh grade) and received some home instruction services" (<u>without</u> an IEP and through Point Pleasant Borough Schools – not the legally responsible party, to wit, Wall Township School District) and that S.C. currently attends the Redcliff Ascent program in Utah.

11. Notably, ALJ Delanoy acknowledged that Dr. Jonathan Slater (S.C.'s treating Psychiatrist) "opines that S.C. must remain at the residential therapeutic/educational facility Ascent because of his <u>emotional and educational needs</u>". (Page 5 of DECISION)

12.     The ALJ concluded, however, that (due to no fault of the parents herein) it was unable to determine if an appropriate program/placement was offered by the district " . . . since the only proofs before me are those submitted by Petitioners in their application, without more, I am unable to make the necessary factual findings." (Page 5 of DECISION)

13.     As to same, it must be noted that the Wall Township School District's *failure* to submit such documentation should <u>not</u> be utilized against the parents nor, more importantly, S.C. Moreover, it should be noted that the parents of S.C. have been caused to file a Complaint Investigation with the Office of Special Education Programs ("OSEP") due to the district's *failure* to provide requested records/documentation concerning S.C.

14.     As to irreparable harm, while the parents seek the district to pay for **continued** programming/placement at Redcliff Ascent (and/or reimburse the parents for same) the harm will be irreparable if S.C. is not allowed to continue therein as Dr. Jonathan Slater (S.C.'s treating Psychiatrist since December 2010) certified.

15.     The ALJ also concluded that despite numerous accreditations Redcliff Ascent is not a school, however, the ALJ ignored N.J.A.C. 6A:14-4.3 "Program Options" that specifically includes programs/placements that are not schools in the traditional sense such as community rehab programs, hospitals, etc. In fact, in reviewing the New Jersey Department of Education listing of State Approved Private Schools that are out-of-state which have little, if any, academics but like Redcliff Ascent, are primarily therapeutic in nature.

16.     The district **failed** and continues to **fail** to offer any services via an IEP (or otherwise to S.C. other than previously offering general education home study via the computer "Educere") which was not successful.

[INTENTIONALLY BLANK]

**WHEREFORE,** the Plaintiffs request that this Court enter judgment against the Defendant providing the following relief:

a. The issuance of an ORDER reversing ALJ Edward Delanoy's DECISION DENYING EMERGENT RELIEF dated November 14, 2013;

b. An ORDER ordering the Wall Township School District to either pay for (and/or reimburse the parents of S.C. for) S.C.'s programming/placement at the Redcliff Ascent program, Utah;

c. For reasonable counsel fees and costs/expenses expended in relation to this instant application;

d. Such other and further relief as this Court may deem equitable and just.

                         **LAW OFFICE OF MICHAEL I. INZELBUCH, ESQ.**

                         _____
                         **Michael I. Inzelbuch, Esq.**
                         **Attorney for Petitioners**
                         **(MII-5635)**

**Dated:  November 20, 2013**

**VERIFICATION**

I, Michael I. Inzelbuch, Esq., state as follows:

1. I am an attorney practicing in the State of New Jersey.
2. I certify that this matter in controversy is the subject of one other action pending in the New Jersey Office of Administrative Law captioned <u>B.C. & J.C. o/b/o S.C. v. Wall Township Bd. of Ed.</u>, EDS-16088-13.
3. I agree that the November 20, 2013 submission is, to the best of my knowledge, true and accurate.

                                        **LAW OFFICE OF MICHAEL I. INZELBUCH, ESQ.**

                                        **Michael I. Inzelbuch, Esq.**
                                          **Attorney for Petitioners**
                                                **(MII-5635)**

**Dated:  November 20, 2013**